# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 17, 2026

* * * * * * * * * * * * * *

| | | |
|---|---|---|
| JONNIE BROWN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 22-80V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * *

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 27, 2022, Jonnie Brown ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered Bell's palsy as a result of an influenza ("flu") vaccine she received on September 20, 2020. Petition at Preamble (ECF No. 1). On May 16, 2025, the undersigned issued a Decision Based on Stipulation. Decision Based on Stipulation dated May 16, 2025 (ECF No. 81).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On October 21, 2025, Petitioner filed an application for attorneys' fees and costs and a statement of Petitioner's personal costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed Oct. 21, 2025 (ECF No. 86); Petitioner's Statement of Personal Costs ("Pet. Costs"), filed Oct. 21, 2025 (ECF No. 87). Petitioner requests compensation in the amount of $54,650.57, representing $38,150.50 in attorneys' fees and $16,500.07 in costs. Id. at 2. Petitioner also requests $27.44 in personally incurred costs. Id. Respondent filed his response on October 30, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App., filed Oct. 30, 2025, at 2 (ECF No. 88). Petitioner did not file a reply. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards a total of $54,678.01.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

### i.    Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Christina Ciampolillo, $380.00 per hour for work performed in 2020 and 2021, $425.00 per hour for work performed in 2022, $470.00 per hour for work performed in 2023, $500.00 per hour for work performed in 2024, and $537.00 per hour for work performed in 2025; for Ms. Meredith Daniels, $516.00 per hour for work performed in 2025; for Mr. Ronald Homer, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, $525.00 per hour for work performed in 2024, and $567.00 per hour for work performed in 2025; for Mr. Patrick Kelly, $305.00 per hour for work performed in 2023, $345.00 per hour for work performed in 2024, and $380.00 per hour for work performed in 2025; for Mr. Joseph Pepper, $455.00 per hour for work performed in 2023; for Ms. Lauren Faga, $385.00 per hour for work performed in 2022; and for Mr. Nathaniel Enos, $320.00 per hour for work performed in 2023, $360.00 per hour for work performed in 2024, and $390.00 per hour for work performed in 2025.  Petitioner also requests rates between $55.00 and $207.00 for work of her counsel's paralegals and law clerks performed from 2020 to 2025.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work and reasonable herein.

### ii.    Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award fees in full.  However, the undersigned has concerns related to counsel's billing entries.

3

First, the undersigned notes there is time billed for non-compensable administrative tasks (e.g., preparing, paginating, and filing exhibits; preparing mailing of documents; and preparing documents for and payments to expert).[3] It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same). Filing exhibits are also considered administrative tasks. See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

Second, there are instances of duplicative billing for intra-office meetings[4] which is "[u]nreasonably duplicative" and "excessive." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016) (reducing fee for "[u]nreasonably duplicative or excessive billing," which includes "attorneys billing excessively for intra office communications").

---

[3] For example, see entries dated January 27, 2022 ("fwd [petition] to . . . [paralegal] for filing" and "filed [petition] electronically"); February 11, 2022 ("prepare certified mail"); March 25, 2022 ("organize records . . . and prepare/paginate medical records . . . for . . . electronic filing"); June 28, 2022 ("ensure file size appropriate for ECF filing" and "filed pleadings and exhibits electronically"); July 22, 2022 ("prepare certified mail"); September 1, 2022 ("filed pleadings and exhibits electronically"); September 21, 2022 ("review . . . file size" and "filed pleadings and exhibit electronically"); October 28, 2022 ("review . . . file size limitations" and "filed pleadings and exhibit electronically"); November 3, 2022 ("review . . . file size limitations" and "filed pleadings and exhibit electronically"); July 20, 2023 ("prepare electronic copy for case materials for medical expert"); July 26, 2023 ("overnight shipment to expert with case materials, retainer[,] and cover letter from [attorney]"); February 16, 2024 ("review and process payment of expert invoice, send payment via FedEx"); May 8, 2025 ("Prepare overnight shipment to DOJ"). This is not an exhaustive list.

[4] For example, see entries dated November 12, 2021; January 12, 2022; February 18, 2022; April 29, 2022; May 20, 2022; June 21, 2022; June 28, 2022; August 2, 2022; September 23, 2022; October 26, 2022; April 27, 2023; June 22, 2023. This is not an exhaustive list.

And third, numerous billing entries from attorneys advise or direct paralegals to complete tasks (e.g., filing),[5] while said paralegals were billing for such tasks.  See, e.g., Vinocur v. Sec'y of Health & Hum. Servs., No. 17-598V, 2020 WL 3619896, at *2 (Fed. Cl. Spec. Mstr. June 29, 2020) ("In the undersigned's experience, the time it would take an experienced attorney to direct an experienced paralegal to file a certain document (particularly *pro forma* documents drafted by the paralegal) is so negligible that it should not be billed for at all."); O'Leary v. Sec'y of Health & Hum. Servs., No. 18-584V, 2022 WL 1055352, at *2 (Fed. Cl. Spec. Mstr. Mar. 21, 2022) (reducing fees for "attorney time directing paralegals to file documents"); Buchanan v. Sec'y of Health & Hum. Servs., No. 19-1649V, 2022 WL 9931077, at *2 (Fed. Cl. Spec. Mstr. Sept. 23, 2022) (same); Foster v. Sec'y of Health & Hum. Servs., No. 17-1502V, 2020 WL 3619919, at *2 (Fed. Cl. Spec. Mstr. June 23, 2020) (reducing fees "for excessive time billed by counsel to direct paralegal activity").

The undersigned will not deduct Petitioner's fees request for these billing issues because she finds the overall amount requested reasonable.  However, counsel is again warned against such billing practices in the future.  See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 19-1623V, 2025 WL 3083288, at *3 (Fed. Cl. Spec. Mstr. Oct. 7, 2025).  Lastly, counsel is put on notice that the undersigned will deduct for these issues in the future.

### B.    Attorneys' Costs

Petitioner requests a total of $16,500.07 in attorneys' costs.  This amount is comprised of the filing fee, acquiring medical records, FedEx and other shipping costs, and expert costs.  The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

### C.    Petitioner's Costs

Petitioner requests a total of $27.44 in Petitioner's personal costs.  This amount is comprised of postage and medical records.  The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

---

[5] For example, on October 31, 2022, Ms. Ciampolilo billed for "memo to [paralegal] re prepping/filing," and the next day, November 1, 2022, the paralegal billed for "filing of PAR questionnaire, and drafting/filing of statement of completion."  Pet. Mot., Tab A at 14.  Then, two days later, the paralegal again billed for "PAR questionnaire, filed electronically, copy of pleading saved to case file," though only half the time was billed.  Id.  Another example is from March 6, 2023, when Ms. Ciampolilo billed for "conf[erence] with [paralegal] re prepping/filing [statement of completion]" and the paralegal billing for "filed [statement of completion] electronically following attorney review."  Id. at 15.  This continued throughout litigation.

| | |
|---|---|
| Attorneys' Fees Requested | $38,150.50 |
| (Total Reduction from Billing Hours) | -$0.00 |
| **Total Attorneys' Fees Awarded** | **$38,150.50** |
| | |
| Attorneys' Costs Requested | $16,500.07 |
| (Reduction of Costs) | -$0.00 |
| **Total Attorneys' Costs Awarded** | **$16,500.07** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$54,650.57** |
| | |
| Petitioner's Costs Requested | $27.44 |
| (Reduction of Costs) | -$0.00 |
| **Total Petitioner's Costs Awarded** | **$27.44** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $54,678.01 (representing $54,650.57 for Petitioner's attorneys' fees and costs and $27.44 for Petitioner's personally incurred costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.